UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DIGGS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JANE DOE, )<br>)<br>Defendant. ) | Case No. 1:15-cv-00965-TWP-DML |

**Entry Granting Motion for Leave to Proceed *In Forma Pauperis*, Denying Motion to Appoint Counsel, Dismissing Complaint, and Directing Plaintiff to Show Cause**

### I.     *In Forma Pauperis* and Counsel

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.**

The plaintiff's motion for the appointment of counsel [dkt. 3] is **denied as premature.** The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 846 (7th Cir. 2013).

### II.     Screening

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The plaintiff, Michael Diggs ("Mr. Diggs") alleges in the complaint and an attached "IndyGo Courtesy Card" that when he was a passenger on an IndyGo bus, he was injured when the bus driver whose name he does not know, caused an accident by driving too fast. He alleges

that he was transported to Community Hospital and he suffered a bloody knee, arm, and hands.[1] For relief, he seeks one hundred dollars, payment of his hospital bills, and that the bus driver be fired.

Mr. Diggs purports to bring this claim under 42 U.S.C. § 1983. "The two key elements establishing a violation of § 1983 are (1) a deprivation of a federally guaranteed right, (2) perpetrated under color of state law." *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Mr. Diggs does not allege any violation of the United States Constitution or any other federal law. Rather, the Court discerns his claim to be one of negligence. Negligence is not a sufficient basis to support a claim under § 1983. *See Cooney v. Casady,* 735 F.3d 514, 519 (7th Cir. 2013); *Loubser v. Thacker,* 440 F.3d 439, 442 (7th Cir. 2006) ("Section 1983 claims cannot be founded on negligence."). Therefore, the complaint is dismissed for failure to state a claim upon which relief can be granted. There is no reason, however, Mr. Diggs could not attempt to bring a negligence claim in an appropriate state court.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

### III.  Further Proceedings

For the reasons discussed above, the complaint is **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff shall have **through July 31, 2015,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to

---

[1] The Courtesy Card appears to indicate that the accident occurred on July 13, 2015, but that date cannot be accurate because the complaint was filed on June 19, 2015.

an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Diggs fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: 6/29/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Diggs
250 E. Market Street
Indianapolis, IN 46206